**In re Clifford Walter HOYT, Barbara Thesta Hoyt, Debtor(s).**

**Bankruptcy No. 382–01428.**

United States Bankruptcy Court, D. Oregon.

Aug. 26, 1982.

Kent V. Snyder, Portland, Or., for debtors.

Catherine Riffe, Portland, Or., for the Council.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The chapter 13 plan of the debtors in this case contains a provision rejecting the executory collective bargaining agreement with Oregon, Southern Idaho, Wyoming and Utah District Council of Laborers Collective under § 365(a) of 11 U.S.C. The Council filed written objections to confirmation of the plan because of this provision of the plan.

At the confirmation hearing on August 16, 1982 the debtors appeared personally and by their attorney, Kent V. Snyder. The Council appeared by its attorney, Catherine Riffe. The parties stipulated that the matter be determined upon the basis of the representations made to the court by the debtors and counsel and upon the provisions of the applicable agreements, copies of which were furnished to the court on August 19, 1982.

It appears to the court that the debtors are engaged as sole proprietors of a business of cement masonry under the business name of Cliff Hoyt Concrete Flatwork.

In 1976 the debtors employed a union member. The employee insisted that the debtors sign the collective bargaining agreement in order that he receive credit toward the pension fund provided by the agreement. The debtors then agreed to execute the agreement and did so. This employee stayed with the debtors for a period of 7 to 10 days. Thereafter, although the debtors continued in business they did not employ any union members. In 1979 the union conducted an audit for the period of May 1976 through 1979. During the period the debtors had not made any payments to the five funds established by the collective bargaining agreement, not having understood that the bargaining agreement required contributions to the funds on behalf of non-union as well as union members. The audit determined that the debtors had thereby failed to report 6,423 hours of labor employed by them which resulted in $17,432.56 due by the debtors under the bargaining agreement. The bargaining agreement provides that it may be terminated by giving notice at least 90 days prior to the anniversary date every three years. The first three years of the agreement had passed before the audit was conducted and the debtors learned that it covered non-union as well as union laborers. It was therefore too late at that time for the debtors to terminate the agreement for the ensuing three years which will end in approximately 9 months from now. The debtors have already given notice that they will be terminating the agreement at that time. The question before the court is whether they must wait this period of 9 months and be bound by the bargaining agreement in the meantime.

For some time the debtors have not employed any laborers who would be subject to the bargaining agreement. They have only taken small jobs which Mr. Hoyt could perform without additional labor. The debtors would like to be in a position where they could employ laborers and thereby take larger jobs. They contend however that because of the additional cost which would be imposed by the contributions required by the bargaining agreement of $3.20 per hour they would not be able to employ either a union or non-union labor and remain competitive with other concrete masons. The major debt scheduled by the debtors in this case is the debt owing for contributions for the period covered by the audit.

There are at this time no laborers employed by the debtors nor have the debtors any plans to employ any laborers while the bargaining agreement remains in effect.

The case of *Local Joint Executive Board, AFL–CIO v. Hotel Circle, Inc.,* 613 F.2d 210 (Cir. 9th 1980), decided that under § 313(1) of the Bankruptcy Act, 11 U.S.C. § 713(1) the bankruptcy court had jurisdiction to approve or disapprove a rejection of a collective bargaining agreement by a receiver in bankruptcy. In footnote 2 on page 213 of the opinion the court stated that "We also do not need to address the question whether the bankruptcy court should apply a stricter standard for authorizing the rejection of collective bargaining agreements as a means of reconciling the policies of the labor and bankruptcy laws.

The court in the case of *In re Bildisco,* 682 F.2d 72, 9 BCD 266 (Cir. 3d 1982) stated:

"We believe that the debtor-in-possession must first demonstrate that the continuation of the collective bargaining agreement would be burdensome to the estate; that once this threshold determination has been made the debtor-in-possession must make a factual presentation sufficient to permit the bankruptcy court to weigh the competing equities; that the polestar is to do equity between claims which arise under the labor contract and other claims against the debtor; that, in this, the court must consider the rights of covered employees as supported by the national labor policy as well as the possible 'sacrifices which other creditors are making' in the effort to bring about a

successful reorganization, ... and that the court must make a reasoned determination that rejection of the labor contract will assist the debtor-in-possession or the trustee to achieve a satisfactory reorganization."

In the present case the court finds that continuation of the collective bargaining agreement would be burdensome to the estate. If it is continued the debtors' future business will suffer in that they will not be able, economically, to take jobs which would require them to employ one or more laborers. The potential profitability of the business would suffer.

Turning to the competing equities the court finds that they weigh in favor of the debtors. Since the debtors do not now have any employees which are covered by the bargaining agreement, there are no present employees who would be effected by such rejection. If the contract is rejected future prospective employees could determine whether they wished to accept employment by the debtors without the benefits provided by the bargaining agreement. If the debtors were to find that they were unable to employ qualified laborers without providing such benefits, they could enter into such a bargaining agreement in the future. Presumably the funds covered by the bargaining agreement are for the benefit of employees rather than for the benefit of the union as such. There therefore would be no detriment to the union, as distinguished from union members, from a rejection of the agreement. The debtors contend that they will have no difficulty in finding employes willing to work for them without the benefits provided by the bargaining agreement. In any event we are only concerned with a period of approximately nine months since the debtors intend to terminate the agreement at that time, as they have the right to do under the terms of the agreement. The court therefore concludes that the rejection of the collective bargaining agreement as provided in the debtors' plan herein should be approved. There having been no other objections to confirmation of the debtors' plan, an order of confirmation of the plan will be entered herein.